THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY GRAHAM, Appellant. [792 NYS2d 395]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered May 28, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second and third degrees and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 years to life, 4¹/₂ to 9 years, and 3 years, respectively, unanimously modified, on the law, to the extent of granting defendant's suppression motion with respect to a firearm, and vacating the weapon possession conviction and dismissing that count of the indictment, and otherwise affirmed.

Although the hearing court expressly decided (see CPL 470.05 [2]) that the police recovered a revolver pursuant to a valid inventory search of a car driven by defendant, the evidence regarding an inventory search was insufficient to support that conclusion (see People v Johnson, 1 NY3d 252 [2003]). The People may not rely, for the first time on appeal, on the automobile exception to the warrant requirement, because neither the People nor the court relied on that theory at the hearing (People v Dodt, 61 NY2d 408, 416 [1984]).

Nevertheless, defendant is not entitled to a new trial on the drug charges. There was no "reasonable possibility" that the

jury's decision to convict defendant on the weapon count influenced its guilty verdict on the drug counts in a "meaningful way" (*People v Doshi*, 93 NY2d 499, 505 [1999]). There was overwhelming evidence to support the drug charges, which were clearly separable from the weapon charge. We find defendant's arguments on the "spillover" issue, including his argument based on the People's summation, to be illogical and therefore unpersuasive. Concur—Mazzarelli, J.P., Marlow, Williams, Gonzalez and Catterson, JJ.